UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN DOE – 76.88.81.165,<br><br>                              Defendant. | Case No.:  16-cv-0447-CAB-MDD<br><br>**ORDER GRANTING MOTION FOR EARLY DISCOVERY**<br><br>**[ECF NO. 11]** |

Before the Court is Plaintiff's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference.  This Motion first was filed on March 18, 2016 and denied without prejudice on April 26, 2016, for failure to present evidence supporting Plaintiff's assertion that the subscriber of the subject Internet Protocol address likely resides within the jurisdiction of this Court. (ECF Nos. 4, 5).  Plaintiff refiled the motion on June 24, 2016, but the motion package was missing Exhibit A to the Declaration of Brenna Erlbaum.  (ECF No. 8).  When notified of the discrepancy, Plaintiff filed the missing exhibit as a standalone documents without properly linking it to the Declaration.  (ECF No. 10).  Finally,

1  Plaintiff filed a complete package on July 12, 2016.  (ECF No. 11).   In
2  support of its renewed Motion, Plaintiff supplies the Declaration of Brenna
3  E. Erlbaum, which, including its attachment, cures the deficiencies noted by
4  the Court in its earlier Order.  Accordingly, Plaintiff's Motion is
5  **GRANTED**.

## I. LEGAL STANDARD

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Requests for early or expedited discovery are granted upon a showing by the moving party of good cause.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'"  *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 2012 WL 1648838, \*3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at

1 642). "A district court's decision to grant discovery to determine
2 jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at
3 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430
4 n.24 (9th Cir. 1977)).

5     District courts apply a three-factor test when considering motions for
6 early discovery to identify Doe defendants. *Id.* at 578-80. First, "the
7 plaintiff should identify the missing party with sufficient specificity such
8 that the Court can determine that defendant is a real person or entity who
9 could be sued in federal court." *Id.* at 578. Second, the plaintiff "should
10 identify all previous steps taken to locate the elusive defendant" to ensure
11 that the plaintiff has made a good faith effort to identify and serve process
12 on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the
13 Court's satisfaction that plaintiff's suit against defendant could withstand a
14 motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further "the
15 plaintiff should file a request for discovery with the Court, along with a
16 statement of reasons justifying the specific discovery requested as well as
17 identification of a limited number of persons or entities on whom discovery
18 process might be served and for which there is a reasonable likelihood that
19 the discovery process will lead to identifying information about defendant
20 that would make service of process possible." *Id.* at 580.

21 <center>**II. ANALYSIS**</center>

22     Upon review of the motion and its supporting declarations, the Court
23 finds Plaintiff has sustained its evidentiary burden and shown good cause to
24 subpoena records from Time Warner Cable identifying the subscriber
25 assigned to the subject IP address at the identified times. The subpoena
26

1 must be limited to documents identifying the subscriber's name and address
2 during the relevant period.  That information should be sufficient for
3 Plaintiff to be able to identify and serve Defendant.  If Plaintiff is unable to
4 identify and serve Defendant after receiving a response to the subpoena,
5 Plaintiff may seek leave from the Court to pursue additional discovery.

6      The Court also must consider the requirements of the Cable Privacy
7 Act, 47 U.S.C. § 551.  The Act generally prohibits cable operators from
8 disclosing personally identifiable information regarding subscribers without
9 the prior written or electronic consent of the subscriber.  47 U.S.C. §
10 551(c)(1).  A cable operator, however, may disclose such information if the
11 disclosure is made pursuant to a court order and the cable operator provides
12 the subscriber with notice of the order.  47 U.S.C. § 551(c)(2)(B).  The ISP
13 that Plaintiff intends to subpoena in this case is a cable operator within the
14 meaning of the Act.

### III. CONCLUSION

16      For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Early
17 Discovery is **GRANTED**, as follows:

18      1.    Plaintiff may serve a subpoena, pursuant to and compliant with
19 the procedures of Fed. R. Civ. P. 45, on Time Warner Cable seeking only the
20 name and address of the subscriber assigned to the subject IP address for
21 the relevant time period.

22      2.    The subpoena must provide at least forty-five (45) calendar days
23 from service to production.  Time Warner Cable may seek to quash or
24 modify the subpoena as provided at Rule 45(d)(3).

25      3.    Time Warner Cable shall notify its subscriber, no later than
26 fourteen (14) calendar days after service of the subpoena, that his or her

1 identity has been subpoenaed by Plaintiff. The subscriber whose identity
2 has been subpoenaed shall then have thirty (30) calendar days from the
3 date of the notice to seek a protective order, to move to quash or modify the
4 subpoena or file any other responsive pleading.

5     4. Plaintiff shall serve a copy of this Order with the subpoena upon
6 Time Warner Cable. Time Warner Cable, in turn, must provide a copy of
7 this Order along with the required notice to the subscriber whose identity is
8 sought pursuant to this Order.

9     5. No other discovery is authorized at this time.

10 **IT IS SO ORDERED.**

11 Dated: July 13, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge